IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40044
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOE HAVEN BEADLES,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(92-CR-49-2)
(6:96-CV-456)
- - - - - - - - - -

December 22, 1999

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Joe Haven Beadles, federal prisoner #
04049-078, appeals the denial of his 28 U.S.C. § 2255 motion.
Beadles has filed a motion for a certificate of appealability (COA)
to appeal the district court's denial of his 28 U.S.C. § 2255
motion.  As Beadles filed his § 2255 motion on April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
(AEDPA), the AEDPA does not apply to his case.  *See Lindh v.
Murphy*, 521 U.S. 320, 336 (1997).  Accordingly, a COA is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unnecessary, and no additional briefing is needed for us to consider Beadles' issues on appeal.

Beadles challenges the constitutionality of his conviction and sentence for conspiracy to commit wire fraud and mail fraud in an effort to evade Texas diesel fuel excise taxes. He also challenges his conviction for money laundering.

Beadles argues that the government withheld evidence of a financial agreement allegedly indicating that he paid the excise tax, but he fails to show that the evidence was material or that the government suppressed the evidence. *See Blackmon v. Scott*, 22 F.3d 560, 564 (5th Cir. 1994). Beadles argues that the evidence was insufficient to convict him because he did not commit a crime under Texas law; however, the evidence does support the conclusion that Beadles conspired to evade the Texas diesel fuel excise tax by using the mails as well as wire transmissions to accomplish the scheme. The evidence also establishes that Beadles laundered the profits derived from the tax evasion scheme. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Beadles argues next that the indictment was insufficient, but he fails to present exceptional circumstances entitling him to challenge of the sufficiency of the indictment. *See United States v. Prince*, 868 F.2d 1379, 1383-84 (5th Cir. 1986). Beadles also insists that (1) federal venue was improper, (2) it is impossible to defraud the state comptroller under Texas law, and (3) the court gave prejudicial jury instructions. These three issues are raised for the first time on appeal and will not be considered. *See*

2

*Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *petition for cert. filed*, (Nov. 24, 1999)(No. 99-884). Finally, Beadles alleges several instances of ineffective assistance of counsel; however, he fails to make the requisite showing of deficiency and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court's denial of Beadles' § 2255 motion is AFFIRMED.